Filed 5/3/22  P. v. Guerrero CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078570 |
| v. | (Super.Ct.No. RIF123125) |
| JUAN ANTONIO GUERRERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Juan Antonio Guerrero, in pro. per., and Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Juan Antonio Guerrero, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the superior court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts and a statement of the case. Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant contends that the amendments to section 1170.95 (Stats. 2021, ch. 551, § 2) enacted by Senate Bill No. 775 (2020-2021 Reg. Sess.), provide that all persons convicted of murder under any theory in which malice is imputed to the defendant solely based on their participation in a crime, including direct aiding and abetting, are eligible for relief. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On April 10, 2005, Anthony Lopez was traveling on Mission Boulevard in his 1988 Cadillac and saw a friend, Richard Gutierrez, riding his bicycle near Mission Boulevard. Lopez stopped near Lee's Market, and Gutierrez came over to the driver's side window of Lopez's car to talk to him. A few minutes later, a car stopped quickly near them, and a man, later identified as defendant's son, Edwardo Guerrero, got out of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On the court's own motion, we take judicial notice of the nonpublished opinions from defendant's appeal from the judgment and his appeal from his previous section 1170.95 petition. (See *People v. Guerrero* (Feb. 22, 2008, E041870) [nonpub. opn.] (*Guerrero I*) & *People v. Guerrero* (Aug. 24, 2021, E075851) [nonpub. opn.] (*Guerrero II*).) (Evid. Code, § 459.)

2

the driver's seat of the vehicle. Edwardo approached Gutierrez and asked him, "'What the fuck is your problem?'" Edwardo then produced a handgun from his waistband and shot Gutierrez once in the arm. (*Guerrero I*, *supra*, E041870.)

Gutierrez ran toward Lee's Market, and Edwardo chased after him and fired more shots at him. Gutierrez entered the market and tried to hold the glass door shut, but Edwardo fired a shot that shattered the glass door. Edwardo then entered the market and fired multiple shots at Gutierrez, changing the magazine in the gun at one point. Gutierrez was hit multiple times and died at the scene. (*Guerrero I*, *supra*, E041870.)

After Edwardo entered the market, Lopez looked over at the car in which Edwardo had arrived and saw defendant sitting in the driver's seat. Lopez believed that defendant had slid over from the passenger seat to the driver's seat. While Edwardo was in the store, defendant warned Lopez that he better not leave. When Edwardo came out of the store and jumped into the passenger side of the car, Lopez, fearing that he might be the next victim, quickly pulled out of the parking lot. Defendant and Edwardo chased Lopez for a considerable distance at a high speed before Lopez lost them. (*Guerrero I*, *supra*, E041870.)

On April 12, 2005, police arrested defendant and Edwardo. Defendant's defense was that he had been mistakenly identified as the driver of the getaway car. Alternatively, he claimed that if he was in the vehicle, he did not know his son Edwardo intended to shoot Gutierrez and that he only aided his son in escaping from the area after the offense had been committed. (*Guerrero I*, *supra*, E041870.)

3

In support of the latter defense, defendant's counsel pointed to Lopez' testimony that defendant was in the passenger seat when they arrived at the market and argued that this indicated that he did not know what his son intended at that time. Defendant's counsel also noted that there was no evidence that he gave any aid to Edwardo, other than driving him away from the scene after the offense had been committed. (*Guerrero I*, *supra*, E041870.)

On September 27, 2006, a jury found defendant guilty of first degree murder. (§ 187, subd. (a).) The superior court sentenced defendant to 25 years to life. (*Guerrero I*, *supra*, E041870; *Guerrero II*, *supra*, E075851.)

Defendant appealed his conviction contending the superior court prejudicially erred and violated his constitutional rights when it refused to instruct the jury on the elements of accessory after the fact and that his counsel was ineffective when counsel failed to request a pinpoint instruction concerning his defense theory that he was only an accessory after the fact. (*Guerrero I*, *supra*, E041870.)

In rejecting defendant's contentions on appeal, this court noted that the jury was properly instructed on aiding and abetting. The jury was informed that an aider and abettor *must* have *knowledge* of the perpetrator's intent to commit the crime, that the defendant intended to aid and abet the perpetrator in committing the crime *before or during* the commission of the crime, and that the defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. (*Guerrero I*, *supra*, E041870.)

4

On January 2, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. (*Guerrero II*, *supra*, E075851.) The People filed a response based, in large part, on the purported unconstitutionality of section 1170.95. However, the People also alleged that defendant was not entitled to relief because he directly aided and abetted the killing with the intent to kill or was a major participant acting with reckless indifference to human life. In a reply, defendant's counsel argued that the evidence showed that defendant was not the actual killer and was convicted on a natural and probable consequences theory. (*Guerrero II*, *supra*, E075851.)

At the hearing on the petition, the superior court observed, "A review of the record in this case shows it was a two defendant case. [Defendant] was convicted of first-degree murder, sentenced to 25 years to life. The jury instructions do not include felony murder or natural and probable [consequences] instructions. The 2008 appellate opinion in imaging shows he's not the shooter, but he was the getaway driver, and the theory was direct aiding and abetting." Defense counsel submitted, and the court summarily denied the petition. Defense counsel lodged an objection for the record. (*Guerrero II*, *supra*, E075851.)

Defendant appealed contending the court erred in summarily denying his petition prior to issuing an order to show cause. We held that the court properly denied defendant's petition. The court's review of the jury instructions expressly refuted the allegation in defendant's petition that he had been convicted under the felony-murder theory or murder under the natural and probable consequences doctrine. The superior court correctly concluded that the theory upon which defendant was convicted was

5

"direct aiding and abetting." Thus, defendant had failed to make a prima facie case for relief because he was per se ineligible for section 1170.95 relief. (*Guerrero II*, *supra*, E075851.)

On November 10, 2021, defendant filed a second form petition for resentencing pursuant to section 1170.95 as amended by Senate Bill No. 775. Defendant again contended he had been convicted pursuant to the felony-murder rule or natural and probable consequences doctrine. On January 21, 2022, defendant filed a third form petition for resentencing.

At a hearing on February 18, 2022, the People noted, "This is a brand-new petition, but this petitioner previously filed." Defendant "apparently is filing invoking the SB 775 change, but that has no implications for him because he was convicted of murder. Your Honor previously denied the petition. The Court of Appeal affirmed it because of the lack of instructions supporting a summary denial."

Defense counsel observed that the court had previously, "at the prima facie stage . . . reviewed the opinion and also the transcript of the jury instructions and determined that there were no felony murder instructions or natural and probable consequence instructions that were given to the jury; so the Court denied the 1170.95 petition under SB 1437. It was affirmed on appeal, and then [defendant] filed it under SB 775."

The court ruled, "This petition is denied with prejudice to the extent that I can. It's already been denied and that denial has been affirmed by the Court of Appeals."

6

## II.  DISCUSSION

Defendant contends that the amendments to section 1170.95, enacted by Senate Bill No. 775, provide that all persons convicted of murder under any theory in which malice is imputed to the defendant solely based on their participation in a crime, including direct aiding and abetting, are eligible for relief.  We disagree.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'"  (*People v. Cortes* (2022) 75 Cal.App.5th 198, 203.)  Senate Bill No. 775 "modifies section 1170.95 to clarify 'that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.'"  (*Ibid*.)

"Pursuant to amended section 1170.95, an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]  [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been

7

convicted of murder or attempted murder[;] [¶] [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Cortes*, *supra*, 75 Cal.App.5th at pp. 203-204.) "If a petition fails to comply" with these requirements "'the court may deny the petition without prejudice to the filing of another petition.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 960 (*Lewis*).)[3]

"A denial at [the prima facie] stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." (*People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978; accord, *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1137, 1142.)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "'[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid*.)

---

[3] The Legislature's amendment of section 1170.95, effective January 1, 2022 "codifies certain holdings in *Lewis* . . . ." (*People v. Mejorado* (2022) 73 Cal.App.5th 562, 568, fn. 2.)

Here, the record of conviction refuted the allegations in defendant's petition that he had been convicted pursuant to the felony-murder rule or natural and probable consequences doctrine. The absence of instructions on the felony-murder rule or the natural and probable consequences doctrine means that the jury could only have convicted defendant as a direct aider and abettor of the killing acting with malice aforethought. Therefore, defendant was ineligible for section 1170.95 relief as a matter of law. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595-596 ["The change" in the law "did not, however, alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily 'know and share the murderous intent of the actual perpetrator.'"].)

Indeed, defendant expressly concedes that he was convicted as a direct aider and abettor. Thus, defendant's petitions were facially insufficient. Therefore, the court properly denied and dismissed defendant's petitions.

"[T]he direct aider and abettor must have the same mental state as the actual perpetrator of the charged crime: the direct aider and abettor must act with knowledge that *the act* is dangerous to human life and with conscious disregard for human life." (*People v. Glukhoy* (Apr. 18, 2022, C084169) ___ Cal.App.5th ___ [2022 Cal.App. Lexis 322, *22-*23].) Thus, there is no imputation of malice to a direct aider and abettor based solely on his participation in a crime. The superior court properly denied defendant's petition.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


SLOUGH
J.


MENETREZ
J.

10